**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EXZAVIOR RENALDO MCCULLEY,

    Defendant - Appellant.

No. 16-1149
(D.C. No. 1:15-CR-00282-REB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Defendant-Appellant Exzavior Renaldo McCulley pled guilty to possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). He now challenges his 21-month prison sentence as substantively unreasonable. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

McCulley planned to travel from Denver, Colorado to Gary, Indiana on May 6, 2015.  But his trip came to a halt when airport security detected a loaded handgun in his checked luggage and police officers arrested him.  McCulley was charged with possessing a firearm after a felony conviction in violation of § 922(g)(1).  He had four previous felony convictions dating back to 1999 and 2003:  two for theft, one for burglary of a building with intent to commit theft, and one for theft of service.

McCulley pled guilty to violating § 922(g)(1).  In the original plea agreement, the government promised not to advocate for imprisonment and instead to recommend three years of probation and a $2,000 fine.  But McCulley was caught with three weapons in violation of his pretrial release conditions, and he tried to cover up his conduct with a series of misrepresentations.  Consequently, the parties amended the plea agreement to allow the government to recommend a custodial sentence in exchange for its promise not to file new substantive charges.

The Presentence Investigation Report (PSR) recommended a 24-month prison sentence, while noting the recommendation did not include a contemplated one-level decrease in base offense level to account for McCulley's partial waiver of his appellate rights—a decrease the government did indeed request.  McCulley objected to the PSR and moved for a variant sentence of three years' probation, to include a condition of six months of home confinement.  He also moved for a downward departure from the advisory guideline calculation—asking the district court to apply

2

criminal history category II, not III, per the probation office's recommendation in the PSR.

The district court held a sentencing hearing, at which both parties presented extensive arguments and McCulley exercised his right of allocution. The court granted the downward departure to criminal history category II "because in these circumstances, factually and legally, criminal history category III substantially overrepresents the seriousness of the defendant's criminal history in this case."[1] R., Vol. IV at 78. The court also granted the one-level decrease in base offense level based on McCulley's partial waiver of his appellate rights. But it did not grant a two-level decrease for acceptance of responsibility, citing McCulley's continuing criminal conduct after his guilty plea. (In addition to the weapons infraction, McCulley violated his pretrial release conditions by testing positive for marijuana and cocaine, failing to appear for drug testing on multiple occasions, and misrepresenting himself as an attorney in a debt collection matter involving his sister-in-law.) The result was a final advisory guideline range of 15 to 21 months.

After discussing the factors to be considered in imposing a sentence, which are delineated in 18 U.S.C. § 3553(a), the court imposed a 21-month sentence, adding: "Only that sentence is sufficient, and then only barely so, to satisfy the requirements

---

[1] The district court's language tracked the PSR, which characterized McCulley's criminal history as "over-represented" in suggesting that a criminal history category of II was warranted. R., Vol. III at 61. The PSR explained that two of McCulley's prior convictions were served concurrently, yet he received three criminal history points for each; furthermore, McCulley was within nine months of not receiving any points for his 1999 convictions because they occurred so close to the 15-year parameter in U.S.S.G. § 4A1.2(e)(1).

of the federal sentencing statute." R., Vol. IV at 84. The court also imposed a three-year term of supervised release.

## II. Analysis

McCulley now argues that his 21-month sentence is substantively unreasonable. "Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007).[2] We review the substantive reasonableness of a sentence under the abuse-of-discretion standard. *United States v. Gordon*, 710 F.3d 1124, 1160 (10th Cir. 2013). This standard requires "substantial deference" to district courts. *Friedman*, 554 F.3d at 1307 (internal quotation marks omitted). This deference extends to a district court's factual findings as well as "its determinations of the weight to be afforded to such findings." *United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008).

Under this standard, we can consider only whether the judgment rendered "is arbitrary, capricious, whimsical, or manifestly unreasonable." *Friedman*, 554 F.3d at 1307 (internal quotation marks omitted). "That we might reasonably have concluded a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.* at 1307-08 (alterations and internal quotation marks omitted). After all,

---

[2] Reasonableness also has a procedural component: "whether the district court committed any error in calculating or explaining the sentence." *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009). McCulley does not invoke that component here, however.

4

the facts and law often "fairly support" a wide range of possible outcomes. *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007). As long as the sentence imposed "falls within the realm of these rationally available choices," we defer to the district court. *Id.* Moreover, when a defendant's sentence falls within the guidelines range, as McCulley's does here, it "is entitled to a presumption of substantive reasonableness on appeal." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008). "The defendant may rebut this presumption by showing that his sentence is unreasonable in light of the" § 3553(a) factors. *Id.*

McCulley advances two arguments in an attempt to rebut the presumption of reasonableness. First, he contends the district court took an inherently inconsistent position when it granted a downward departure for overrepresentation of criminal history but then stressed the "immediately disturbing" nature of that criminal history in choosing a sentence at the top of the guideline range. *See* Aplt. Corr. Opening Br. at 2. Second, he contends the district court was "manifestly unreasonable" in its balancing of the § 3553(a) factors. *Id.* at 24.

We discern no abuse of discretion with respect to the court's treatment of McCulley's criminal history. The district court did downgrade his criminal history category to II after concluding category III "substantially overrepresents" the seriousness of his criminal history. R., Vol. IV at 78. It also commented on the "immediately disturbing" nature of his criminal history when recounting the number of criminal offenses he committed before this one (eight, including four felonies) and opining that the judicial interventions to date (ranging from fines to probation to jail

5

and prison time) have neither deterred nor reformed him. *Id.* at 81. But viewed in context, these statements address different aspects of his criminal history and are not inconsistent. Furthermore, although McCulley labels the court's treatment of his criminal history "a prime driver of the sentence," Aplt. Br. at 29, the record demonstrates criminal history was only one of many factors that played into the sentencing decision.

Likewise, the district court did not abuse its discretion in applying the § 3553(a) factors; to the contrary, it carefully considered them in conducting a detailed, individualized assessment. McCulley had ample opportunities to advise the district court of his background, and the record shows the court "credit[ed him] with the mitigating factors that he offer[ed] both in writing and orally" at the sentencing hearing. *See* R., Vol. IV at 84. We will not reweigh the factors on appeal because "[t]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a)." *Gall v. United States*, 552 U.S. 38, 51 (2007) (internal quotation marks omitted). The sentencing judge has a unique perspective because he is able to "see[] and hear[] the evidence," "make[] credibility determinations," "gain[] insights not conveyed by the record," and obtain "full knowledge of the facts." *Id.* (internal quotation marks omitted). The judge also "has access to, and greater familiarity with, the individual case and the individual defendant." *Id.* (internal quotation marks omitted). Furthermore, "district courts have an institutional advantage over appellate courts" when it comes to sentencing determinations because they resolve more guidelines cases. *Id.* at 52 (alterations and internal quotation marks omitted).

6

## III. Conclusion

Because McCulley has failed to rebut the presumption that his within-guidelines sentence is substantively reasonable, we affirm the sentence imposed by the district court.

Entered for the Court


Bobby R. Baldock
Circuit Judge